## Commonwealth of Massachusetts

MIDDLESEX, SS.

Paul Koehler +
Gail Koehler_____, PLAINTIFF(S),

v. Ronald E. Dynneson +
Linde E. Dynneson
d/b/a Sheffield 1802 House, DEFENDANT(S)

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _____



### SUMMONS

THIS SUMMONS IS DIRECTED TO Linde E. Dynneson . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex County Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Middlesex County Superior Court, 200 Trade Center, Woburn 01801 (address), by mail or in person, **AND**

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: 92 State Street, Boston 02109.

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A TRUE COPY ATTEST

_[signature]_

ALAN BISHOP-CONSTABLE

## Commonwealth of Massachusetts

MIDDLESEX, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 22-425

Paul Koehler & Gail Koehler, PLAINTIFF(S),

v.

Ronald E. Dynneson & Linda E. Dynneson d/b/a Sheffield 1802 House, DEFENDANT(S)



### SUMMONS

THIS SUMMONS IS DIRECTED TO Ronald E. Dynneson. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex County Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Middlesex County Superior Court, 200 Trade Center, Woburn 01801 (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: 92 State Street, Boston, MA 02109

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A TRUE COPY ATTEST

*[signature]*

ALAN BISHOP-CONSTABLE



COPY

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss           SUPERIOR COURT
                   TRIAL DEPT.

*******************************************

Paul Koehler and Gail Koehler

      Plaintiffs       CIVIL ACTION NO.

vs.

Ronald E. Dynneson and Linde E. Dynneson
d/b/a Sheffield 1802 House

      Defendants

*******************************************

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

JAN 21 2022

CLERK

### COMPLAINT

Plaintiffs Paul Koehler and Gail Koehler ("Koehlers" or "Plaintiffs") bring this action against Ronald E. Dynneson and Linde E. Dynneson ("Dynnesons" or "Defendants") upon information and belief, except as to their own actions, the investigation of their counsel, and facts that are a matter of public record, as follows:

### OVERVIEW

1. Through this action, the Plaintiffs seek to recover damages arising from the Defendants' failure to pay them minimum wage for all hours worked in violation of G.L. c. 151, § 1, and as a result of the Defendants' failure to pay them overtime compensation for hours worked over 40 in a workweek in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and, in turn, in violation of the Massachusetts Wage Act, G.L. c. 149, § 148.

2. Plaintiffs seek to recover all unpaid wages, statutory treble damages, prejudgment interest, attorneys' fees and costs, and any other relief permitted by law.

1

## THE PLAINTIFFS

3. Plaintiff Paul Koehler is a resident of Saratoga Springs, New York and was employed by the Defendants out of Sheffield, Massachusetts.

4. Plaintiff Gail Koehler is a resident of Saratoga Springs, New York and was employed by the Defendants out of Sheffield, Massachusetts.

## THE DEFENDANTS

5. Defendant Ronald Dynneson is resident of Somerville, Massachusetts. He owns the property located at 48 South Main Street, Sheffield, Massachusetts as tenants by the entirety with his wife/Defendant Linde Dynneson.

6. Defendant Linde Dynneson is a resident of Somerville, Massachusetts. She owns the property located at 48 South Main Street, Sheffield, Massachusetts as tenants by the entirety with her husband/Defendant Ronald Dynneson.

## FACTUAL ALLEGATIONS

7. On or about January 8, 2018, the Dynnesons acquired the property located at 48 South Main Street, Sheffield, Massachusetts as tenants by the entirety.

8. Since that time, the Dynnesons have operated jointly operated the 48 South Main Street property as a Bed & Breakfast under the name Sheffield House 1802.

9. In or about January 2020, the Dynnesons hired the Koehlers to work as innkeepers at the Sheffield 1802 House.

10. The Koehlers were employed by the Dynnesons as innkeepers at the Sheffield 1802 House from January 2020 until approximately November 2021.

11. For the duration of their employment at the Sheffield 1802 House, the Dynneons regularly worked 70 hours per week.

12. For the duration of his employment at the Sheffield 1802 House, Paul Koehler was paid $1,667 per month by the Dynnesons and was permitted to reside at the Sheffield 1802 House.

13. For the duration of her employment at the Sheffield 1802 House, Gail Koehler was paid nothing by the Dynnesons but was permitted to reside at the Sheffield 1802 House.

14. The Koehlers were neither paid the applicable minimum wage for each hour they worked at the Sheffield 1802 House, nor did they receive overtime compensation for the hours they worked over 40 each workweek.

## COUNT 1
### Violation of M.G.L. c. 151, § 1 (The Massachusetts Minimum Wage Act)

15. Plaintiffs re-allege and incorporate by reference ¶¶ 1-14 above as if fully set forth herein.

16. By their conduct as set forth herein, the Defendants have violated G.L. c. 151, § 1 by failing to pay the Plaintiffs the minimum wage for each hour worked.

17. The Defendants are liable for the full amount of the Plaintiffs' unpaid wages plus treble damages, reasonable attorney's fees and expenses, and prejudgment interest.

## COUNT 2
### Violation of M.G.L. c. 149, § 148 (The Massachusetts Minimum Wage Act)

18. Plaintiffs re-allege and incorporates by reference ¶¶ 1-17 above as if fully set forth herein.

19. By their conduct as set forth herein, the Defendants have violated the FLSA by failing to pay the Plaintiffs overtime compensation for hours worked over 40 in a workweek.

20. In violating the FLSA, the Defendants have failed to pay the Plaintiffs all wages due and payable to them in a timely manner in violation of the Massachusetts Wage Act, M.G.L. c. 149, § 148.

21. The Defendants are liable for the full amount of the Plaintiffs' unpaid wages plus treble damages, reasonable attorney's fees and expenses, and prejudgment interest..

**WHEREFORE**, the Plaintiffs pray for judgment against the Defendants as follows:

A. A judgment and order awarding the Plaintiffs their unpaid wages;

B. A judgment and order requiring the Defendants to pay the Plaintiffs statutorily mandated treble damages;

C. A judgment and order requiring Defendants to pay the Plaintiffs' reasonable attorneys' fees and the costs of this action;

D. A judgment and order requiring the Defendants to pay all legal interest permissible; and

E. Such other relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury on all causes of action so triable.

Respectfully submitted,
Paul Koehler & Gail Koehler

By their attorney,

*Adam J. Shafran (sb)*

Adam J. Shafran, BBO#670460
ashafran@rflawyers.com
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
617-723-7700
617-227-0313 (fax)

4

3

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                       SUPERIOR COURT
TRIAL DEPT.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Paul Koehler and Gail Koehler

22-425

        Plaintiffs                          CIVIL ACTION NO.

vs.

Ronald E. Dynneson and Linde E. Dynneson
d/b/a Sheffield 1802 House

        Defendants

FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX

JAN 21 2022

CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO APPOINT SPECIAL PROCESS SERVER

The Plaintiffs move this Court to appoint Stephen B. Minkofsky of Randolph, Norfolk County, a disinterested and qualified person over the age of 18, knowledgeable in the service of process and not a party to this action, to be specially appointed by the Court to serve and record process in this case pursuant to the provisions of Rule 4, 4.1 and 4.2 of the Massachusetts Rules of Civil Procedure, including but not limited to the Summons and Complaint in order to assure substantial savings in time and money.

Respectfully submitted,
Paul Koehler & Gail Koehler

By their attorney,

*Adam J. Shafran (Sb)*

Adam J. Shafran, BBO#670460
ashafran@rflawyers.com
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
617-723-7700
617-227-0313 (fax)

1/21/22 Motion Allowed

Attest:

Barry-Smith J.

Deputy Assistant Clerk